MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS et al. v. PLUTO.

No. 2107.

Court of Civil Appeals of Texas. Waco.

June 22, 1939.

Rehearing Denied July 20, 1939.

Naman, Howell & Boswell, of Waco, and Charles C. Huff, of Dallas, for appellants.

J. D. Williamson and Allan V. McDonnell, both of Waco, for appellee.

GEORGE, Justice.

This is a suit to recover damages resulting from injuries received by appellee on April 19, 1916, in a collision between the automobile in which appellee was riding and a train of appellants' predecessor; and, in the alternative, a bill of review to set aside such portion of the judgment rendered on June 24, 1916 in Cause No. 23027 on the docket of the 19th Judicial District Court of McLennan county, Texas, styled George Pluto, for himself and as next friend of his minor children, v. C. E. Schaff, Receiver, as determines appellee's cause of action herein asserted and to recover damages for the injuries so received. This suit was instituted on June 27, 1933 (August 11, 1934), by Julius Pluto, a minor, through next friend, against Missouri-Kansas-Texas Railroad Company of Texas and C. E. Schaff, a receiver of its predecessor railroad. Julius Pluto, on becoming of age, was permitted by the court to continue its prosecution in his own right. Appellants plead the judgment of June 24, 1916 as res adjudicata and in bar of the cause of action herein asserted by appellee. The case was tried before the court and a jury and judgment was rendered on the jury's answers to special issues submitted to them, setting aside the judgment of June 24, 1916, only in so far as the same affected the rights of appellee as asserted in the instant cause, and awarding appellee a recovery of and from appellants in the sum of $10,000, together with interest thereon at the rate of six per cent per annum until paid, and all costs of suit.

Appellants contend (1) that there was no evidence of fraud or mutual mistake and that therefore the former judgment was binding and should not have been set aside; (2) that the written settlement agreement and pleadings and judgment thereon could not be varied and contradicted by parol, since they especially recited that the damages covered all injuries, including the injuries to the minor, and that such parol evidence could not be permitted to support the

judgment setting aside and voiding the written instruments and the former judgment therein; (3) that the testimony of George Pluto as to whether or not he instituted a suit for the recovery of damages against the receiver of the railroad company was improper because the pleadings and the judgment showed that such suit was instituted and such evidence varied and contradicted such pleadings and judgment; (4) that the testimony of the witness, George Pluto, that he did not know the suit was entered was improper, for the reason that it varied and contradicted the pleadings and the judgment and the contract of employment that he had with his own attorneys; (5) that the testimony of the witness, George Pluto, that the suit was brought only for the death of his wife and baby and not for Julius Pluto was improper, for the reason that it varied the terms of the written agreements and judgment; (6) that the testimony of the witness, George Pluto, that the suit that was instituted was not settled by him was improper, for the reason that it varied and contradicted the terms of the agreements and judgment; (7) that the testimony of the witness, George Pluto, that that settlement was for the loss and damage suffered on account of the death of his wife was improper, for the reason that it varied and contradicted the written agreements and the judgment; (8) that the testimony of the witness, George Pluto, that he was not paid any money on account of the injury to the minor was improper, for the reason that it varied and contradicted the written agreements and the judgment; (9) that the testimony of the witness, George Pluto, that the damages paid by the railroad company was for the loss of his wife and baby was improper, for the reason that it varied and contradicted by parol the written agreements and judgment; (10) that the testimony of the witness, George Pluto, that the damages paid by the railroad company was for the loss of his wife and baby was improper, for the reason that said evidence was a conclusion and did not state any fact; (11) that the court erred in submitting special issue No. 18, wherein the inquiry was submitted as to whether or not it was the intention of all parties thereto to compensate the minor, Julius Pluto, solely for the loss sustained by him in the death of his mother, for the reason that such issue involved a variance from and contradiction by parol all the written agreements and judgment; (12) that the court erred in submitting special issue No 18, wherein the inquiry was submitted as to whether or not it was the intention of all the parties thereto to compensate the minor, Julius Pluto, solely for the loss sustained by him in the death of his mother, for the reason that such issue submitted a question of law; (13) that the court erred in submitting special issue No. 19, wherein the inquiry was submitted as to whether or not it was the intention of the parties that the settlement and judgment should compensate the minor, Julius Pluto, for the injuries claimed by him in this suit, for the reason that said issue involved a variance from and a contradiction by parol of the written agreements and judgment; (14) that the court erred in submitting special issue No. 19, wherein the inquiry was submitted as to whether or not it was the intention of the parties that the settlement and judgment should not compensate the minor, Julius Pluto, for the injuries claimed by him in this suit, for the reason said issue involved a question of law; (15) that the court erred in submitting special issue No. 20, wherein the inquiry was submitted as to whether or not it was the purpose and intention of the court to award compensation to the minor, Julius Pluto, for the injuries claimed by him in this suit, for the reason that said issue involved a variance from and a contradiction of the written agreements and judgment by parol; (16) that the court erred in submitting special issue No. 20, wherein inquiry was submitted as to whether or not it was the purpose and intention of the court to award compensation to the minor, Julius Pluto, for the injuries claimed by him in this suit, for the reason that said issue involved a question of law; (17) that the court erred in submitting special issue No. 21, wherein the court submits the inquiry as to whether or not the judgment compensated Julius Pluto for the injuries suffered by him as a result of the accident, for the reason that said issue involved a variance from and a contradiction of the written agreements and judgment by parol; and (18) that the court erred in submitting special issue No. 21, wherein the court submits the inquiry as to whether or not the judgment compensated Julius Pluto for the injuries suffered by him as a result of the accident, for the reason that said issue involved a question of law. The assignments presenting the above set out matters are sustained.

The judgment rendered on June 24, 1916, reads as follows:

"On this, the 24th day of June, A. D. 1916, in this cause came on the parties

plaintiff, George Pluto for himself and as next friend to George William Pluto, age thirteen years, Annie Lee Pluto, age eleven years, Edward Michael Pluto, age seven years, Herman Benjamin Pluto, age five years, and Julius Byron Pluto, age two years, Francis Maurine Pluto, age three years, being the minor children of George Pluto and his wife, Margaret Pearl Pluto, now deceased, and the defendant, C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas by their attorneys, and announced to the court that said parties plaintiff and defendant had made an agreement for settlement of all the matters involved in this suit, the said agreement being in writing as follows, to-wit:

"'It is agreed between the plaintiffs, George Pluto for himself and as next friend to his minor children, George William Pluto, Annie Lee Pluto, Edward Michael Pluto, Herman Benjamin Pluto, Francis Maurine Pluto and Julius Byron Pluto and O. M. Weatherby, an attorney at law of Waco, McLennan County, Texas, and attorney for the plaintiffs in the above numbered and entitled cause, being party of the first part, and C. E. Schaff, Receiver of the Missouri, Kansas & Texas Railway Company of Texas, acting by and through his attorney of record, Messrs. Spell & Sanford, of Waco, McLennan County, Texas, Party of the second part:

"'1. That a judgment may be entered in this cause whereby the plaintiff shall recover of and from the defendant the sum of $12,000.00 in full settlement, discharge and satisfaction of the subject matter set up in plaintiff's petition.

"'2. That upon the rendition of judgment for said sum forever barring plaintiffs of and concerning all the matters and things set up in said plaintiff's petition, the said C. E. Schaff, receiver as aforesaid, through his attorneys, shall pay into the registry of the court and to the Clerk thereof, R. V. McClain, Esq., the said sum of money and the same shall be in full satisfaction of said judgment and the said judgment shall be in all things become satisfied and discharged.

"'3. It is further agreed that said judgment shall bear interest at the rate of six per cent per annum from and after August 1st, A. D. 1916.

"'4. It is further agreed that the defendant will pay all costs of this suit up to and including the rendition of this judgment. This agreement is made subject to the approval of the court.'

"The court after hearing the evidence and being fully advised as to the nature and character of plaintiff's suit and the possibilities of a recovery and the reasonable expectancy of the minors of the continued life of their mother, and being satisfied that said settlement is in all respects for the best interest of the plaintiffs and especially the minors, the said settlement is in all things approved.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, George Pluto for himself and as next friend for the minor children of himself and his wife, Margaret Pearl Pluto, deceased, said minor children as follows: George William Pluto, age thirteen years, Annie Lee Pluto, age eleven years, Edward Michael Pluto, age seven years, Herman Benjamin Pluto, age five years, Francis Maurine Pluto, age three years, and Julius Byron Pluto, age two years, do have and recover of and from C. E. Schaff, Receiver as aforesaid for the Missouri-Kansas & Texas Railway Company of Texas in his official capacity the sum of Twelve Thousand ($12,000.00) Dollars, for which execution may issue.

"It is further ordered, adjudged and decreed by the court that this judgment bear interest at the rate of six per cent per annum from and after August 1st, A. D. 1916.

"And it further appearing to the court that on the 20th day of April, A.D.1916, the plaintiff, George Pluto for himself and as next friend to the minor children of himself and his wife, Margaret Pearl Pluto, deceased, executed and delivered to O. M. Weatherby, an attorney at law and attorney of record for plaintiffs in this cause, an assignment of twenty per cent (20%) of whatever judgment that the plaintiffs recovered against the defendant, and that the said assignment is on file among the papers in this case, and it further appearing to the court, after hearing the evidence, that the amount received by said attorney is a reasonable fee for his said services in this cause, the Clerk of this Court is hereby authorized and instructed to pay over to the said O. M. Weatherby the said sum upon his executing his receipt for the same.

"It is further ordered, adjudged and decreed by the court that upon the defendant, C. E. Schaff, Receiver as aforesaid, paying the sum of $12,000.00 into the registry of the court and the clerk thereof such payment shall be in full settlement, discharge and satisfaction of the subject matter set up in the plaintiff's petition and in full set-

tlement, discharge and satisfaction of this judgment.

"It is further ordered, adjudged and decreed by the court that the amount of Ninety-Six Hundred ($9600.00) be divided between the plaintiffs George Pluto and his minor children as follows:

"The said George Pluto is to receive the sum of $5100.00 and the clerk of this court is hereby directed and ordered to pay over to him (the said George Pluto) the sum of $5100.00, upon his receipting the said clerk for same.

"It is the further order, judgment and decree of this court that George William Pluto, Annie Lee Pluto, Edward Michael Pluto, Herman Benjamin Pluto, Francis Maurine Pluto and Julius Byron Pluto shall each receive the sum of $750.00, and the clerk of this court is hereby ordered to pay over to the legally authorized guardian of the said above named children of said George Pluto, plaintiff, and his deceased wife, Margaret Pearl Pluto, upon the said authorized guardian receipting the said clerk for same in his trust capacity.

"It is the further order, judgment and decree of the court that the officers of this court do have and recover of and from each party hereto, respectively, the cost by each incurred, for which they may have their execution."

And the petition upon which the foregoing judgment was based is in the following language:

"Your petitioner, George Pluto for himself and as next friend to his minor children, George William Pluto, age thirteen years, Annie Lee Pluto, age eleven years, Edward Michael Pluto, age seven years, Herman Benjamin Pluto, age five years, Francis Maurine Pluto, age three, and Julius Byron Pluto, two years of age, complaining of C. E. Schaff, Receiver of the Missouri-Kansas & Texas Railway Company of Texas, represents and shows to the court as follows: That the plaintiffs and each of them reside in McLennan county, Texas, and that the defendant, C. E. Schaff is receiver of the property of the Missouri, Kansas & Texas Railway Company of Texas, a railroad corporation organized under the laws of the state of Texas, and has heretofore operated a line of railway through McLennan county, and the said C. E. Schaff, receiver of the M. K. & T. Ry. Co., of Texas was on the date hereinafter named operating the said line of railway for the Missouri, Kansas & Texas Railway Company of Texas through said McLennan county, Texas, and on said day and date had a local agent in the person of A. C. Becton, upon whom service may be had in this cause.

"Said plaintiffs allege and show to the court that on the 19th day of April, 1916, the defendant was operating cars and trains of cars over its line through McLennan county, Texas, and the plaintiffs were traveling on a public highway in McLennan County, Texas, known as the Waco and Dallas Public road, which public road crossed the line of the defendant company some ten miles north of Waco, and in this connection the said plaintiffs show that they were traveling from the town of West to the city of Waco in an automobile, which automobile was the property of the plaintiff, George Pluto, and was being driven by him and that in the said automobile was situated the plaintiffs heretofore named and plaintiff's wife, Margaret Pearl Pluto, and Hazel Pluto; that the said plaintiff, George Pluto, was carefully operating his automobile over the said county dirt road, as aforesaid, in a reasonably prudent and careful manner, and that as he was about to cross the line of the said defendant company, as aforesaid, about ten miles North of Waco, and about the time that the said plaintiff, George Pluto, had driven his automobile upon the track of the said defendant company a passenger train southbound, moving at a high rate of speed, and without sounding the whistle or ringing the bell on the engine, collided with the automobile driven by the plaintiff, George Pluto, in which were seated, as aforesaid, the plaintiffs, George Pluto's family, as above stated, and as a result of the said collision his wife, Margaret Pearl Pluto and his minor daughter, Hazel Pluto, were instantly killed; that the plaintiff George Pluto was cut about the head, hands, shoulders, hips, back, stomach, feet and legs and bruised and cut in all parts of his body; that Julius Byron Pluto had his left shoulder broken, his head hurt, bruised and cut in all parts of his body; George William Pluto sustained serious cuts and bruises on his head, all of which were painful and serious, but not permanent; that Annie Lee Pluto was not injured further than the excitement, the fright and nervous shock; that Herman Benjamin Pluto received serious scratches on his head, face and all parts of his body, all of which were superficial and not permanent, but painful; that Francis Maurine Pluto received serious bruises and cuts on all parts of his body and has been made seriously sick by reason of the shock

and blow of the collision and the injuries on her head, and face, neck, arms, legs and all parts of her body; that Edward Michael Pluto was not injured further than the shock and excitement of the collision.

"The said plaintiff further alleges and shows to the court that Mrs. Margaret Pearl Pluto is 34 years of age, was a kind and indulgent mother, ambitious for the success of her children and greatly devoted to them and to her husband, George Pluto, as were they to her. That Hazel Pluto was a girl baby nine months of age, to whom the plaintiff and all of his children were very devoted.

"The said plaintiff alleges and shows to the court that the injuries received by his wife, Mrs. Margaret Pearl Pluto, and his minor daughter, Hazel Pluto, which caused their death, and the injuries received by himself and the other plaintiffs herein were caused by the negligence of the defendant company, its agents, servants and employees, as follows:

"(a) The said defendant was negligent in running its train at a high and dangerous rate of speed approaching a much traveled public crossing.

"(b) The said defendant was guilty of negligence in failing to ring the bell on the engine and keeping the same continuously ringing until the said crossing had been passed.

"(c) The said defendant was guilty of negligence in failing to sound the whistle as required by law eighty rods from said crossing and to ring the bell and to keep the same ringing until the said train had passed.

"The said plaintiff further alleges and shows to the court that because of the injuries inflicted upon the said plaintiffs and upon his wife, Margaret Pearl Pluto, and his minor daughter, Hazel Pluto, which caused their death, and the injuries inflicted upon the other minor children who are plaintiffs herein, plaintiffs have been damaged in the sum of $15,000.00.

"Wherefore, the said plaintiffs pray that the defendant be cited in terms of the law, and that upon hearing they recover of and from the said defendant the said sum of $15,000.00, and for general and special relief."

The judgment rendered on June 24, 1916, in cause No. 23027 on the docket of the 19th Judicial District Court, styled George Pluto, for himself and as next friend for his minor children, v. C. E. Schaff, Receiver, Missouri-Kansas & Texas Railway Company of Texas, referred to and made the petition a part thereof. The judgment and petition, when construed together and as one instrument, are certain as to the subject matter disposed of in the judgment; and since the judgment is unambiguous as to the subject matter involved and disposed of, evidence aliunde the record was not admissible to either vary or contradict or explain the terms of the judgment. Permian Oil Company v. Smith, 129 Tex. 413, 107 S. W.2d 564; Hermann v. Allen, 103 Tex. 382, 128 S.W. 115. The judgment explains itself. It affirmatively shows on its face the causes of action and issues considered and disposed of. The demand made in behalf of appellee in the former suit was for damages sustained by him on account of the death of his mother and injuries received by him, and the demand made in the instant suit is for damages sustained by him on account of such injuries. Therefore, the cause of action involved in the instant suit is the same cause of action disposed of in the former suit. The fact that the character and extent of his injuries and the amount of his damages by reason thereof were not fully developed and shown to the court in the trial of the former case does not in anywise affect the proposition that the cause of action involved in the present suit is the identical cause involved in the former suit. While it is true the judgment affirmatively shows that appellee's claim for damages sustained by him as the result of injuries received by him in the collision of April 19, 1916 was considered and disposed of in the trial of the former case, yet it is likewise true that the judgment also affirmatively indicates that appellee was not compensated for serious and permanent disabling injuries. If the evidence had shown that Julius Pluto had received, as a result of the collision, injuries of such a magnitude as that they would permanently disable him from not only making a living but from obtaining an ordinary high school education, no court would have awarded him the shockingly inadequate sum of $750 in full compensation therefor, while at the same time awarding an aggregate damage to all of the plaintiffs in the original suit in the sum of $12,000, and $5,100 thereof net to the father. And if appellee's claim for damages by reason of injuries received in the collision was not properly laid before the court, by collusion, neglect or mistake, when he was a minor of about two years of age, he is entitled to maintain a bill for review

of such judgment, and if he can establish that the former judgment was against his interests, and that the facts which made it so were not disclosed to the court, and that the court was thereby induced to approve the agreement for judgment, then he may have the same set aside as between the parties thereto. Cannon v. Hemphill, 7 Tex. 184, 185; Day v. Johnson, 32 Tex.Civ.App. 107, 72 S.W. 426; Schneider v. Sellers, 25 Tex.Civ.App. 226, 61 S.W. 541; Greathouse v. Fort Worth & D. C. R. Co., Tex.Com. App., 65 S.W.2d 762, pars. 4 and 5.

The testimony of George Pluto complained of and referred to herein was inadmissible for the reason that same is inconsistent with and varies and contradicts and explains the terms of an unambiguous judgment, which shows affirmatively on its face the issues involved and disposed of.

The trial court should not have submitted special issues Nos. 18, 19, 20 and 21, for the reason that the evidence does not raise either the issue of mutual mistake or of fraud on the part of the representative of the railroad company, nor does the evidence raise the issue that it was the intent of the railroad company to compensate Julius Pluto solely for the loss sustained by him in the death of his mother. The issues called for findings by the jury, which, of necessity, would be based wholly on testimony contradictory of and inconsistent with the provisions and terms of the former unambiguous judgment.

The judgment of the trial court is reversed and the cause is remanded for a new trial.