CHARLES WESLEY COLE ET AL V. LIZZIE LIEU WAITE.

No. A-3422. Decided March 5, 1952.
Rehearing overruled April 2, 1952.
(246 S. W., 2d Series, 849.)

*Mel Ruth Aikin, John D. Aikin, Wayne Thomas* and *James W. Witherspoon*, all of Hereford, for petitioners.

*Grady Hazelwood*, of Amarillo, and *Dennis Zimmermann*, of Tulia, for respondent.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit filed by Lizzie Lieu Waite, by next friend, respondent, against Charles Wesley Cole and Steven Ray Cole, petitioners, to cancel a deed executed by Mrs. Waite to them on Oct. 1, 1949. Upon a jury verdict the trial court entered a judgment for respondent, which was affirmed by the Court of Civil Appeals. 242 S. W. 2d 936.

The jury found Mrs. Waite was not mentally able to understand the nature and effect of the deed and the consequences of her act when she signed it.

The application for writ of error was granted on five points, which together presents two questions. The first question got into the case by a speech made in the courtroom by the pastor of a church at Happy. The incident occurred while the jury was in the box after a supper recess waiting for some of counsel to return so that the charge could be read and arguments heard. The pastor, who had been a material witness for respondent, and some 75 spectators were seated in the courtroom, when the judge addressed them from the bench. He thanked the audience for the good order they had kept and told them they were always welcome to the courtroom. Then, according to the judge's statement, "I told them that people should attend court more than they do; that if they attended court more frequently they might appreciate their courts more. Then I compared the way we have trials and conduct trials with the way they conduct trials in some other countries, and I mentioned the fact we had a free, open, public trial, each side represented by attorneys, and it was out in the open where everybody could see it and told them that the court was an important part of our government, and that there were enemies even within our own country who would destroy our government and they would like to destroy first our courts and words to that effect, and when I completed my remarks, the audience applauded and the twelve jurors in the box applauded."

Then it was that the pastor arose in the audience and spoke as follows: "Judge (to which the Court answered 'yes') if it is in order, and I think it is, I want to thank the Court and the good Christian people in this room on the way this trial has been held and the Christian way and manner it has been held and for the patience and consideration of all and I am satisfied that I not only speak for myself but for a lot of other people in this room." To these remarks the judge replied, "Thank you"; and the jurors clapped their hands.

Obviously, if the pastor had not been a witness and had not thereby been known by the jury to be aligned with respondent, these remarks could not have influenced the jury one way or the other in answering the question of Mrs. Waite's mental ability to execute the deed now under attack. But since he was a material witness, petitioners urge that the speech had the

effect to prejudice and influence the minds of the jurors against petitioners' side of the controversy; that it indicated not only that the pastor believed in the justice of respondent's contentions but that many of the spectators were in accord with his views.

1 While this incident was improper and should not have been permitted, the question is whether it was reasonably calculated to cause and probably did cause the rendition of the verdict which the jury might not otherwise have rendered. We have given a detailed study to the record in this case, especially the statement of facts, and we have concluded that petitioners have not shown that the jury might have answered contrary to what they did had the pastor's speech not been made. We agree with the courts below that the incident presents no reversible error, since it is not shown that the error probably resulted to the prejudice of petitioners. Rule 434, Texas Rules Civ. Proc.; Texas Power & Light Co. v. Hering, 148 Texas 350, 224 S. W. 2d 191.

In reaching this conclusion we attach no significance what ever to the testimony by one juror that the pastor's remarks did not affect his verdict, such testimony being incompetent. Sproles Motor Freight Lines, Inc. v. Long, 140 Texas 494, 168 S. W. 2d 642.

2 Two points complain (1) that the trial court failed to appoint a guardian or attorney ad litem for the petitioners, both of whom were minors without any lawful guardian and (2) that the Court of Civil Appeals erred in holding "that John D. Aiken (one of petitioner's attorneys) was actually appointed guardian ad litem and attorney ad litem by the Court" for petitioners.

As originally filed, the suit was against petitioners and their father, Ray Cole, but before trial the latter was dismissed and the trial proceeded against the minor defendants, who admittedly had no lawful guardian. What happened in regard to the appointment of a guardian ad litem is shown in statements by the trial judge and petitioners' counsel as follows:

"The Court: I will state this for the benefit of the record that prior to the beginning of the trial of the case the two minor defendants and Mr. Aiken and their attorneys were seated at the table. I called attention to the fact that they were minors according to the pleadings; that they had present an attorney of their own choice, Mr. Aiken, who had filed all the pleadings

in the case. There was no denial of that by them, and I said, 'Since he is employed by you I think it is not necessary to appoint an attorney ad litem or guardian ad litem for the minors, that Mr. Aiken could just go ahead and represent you in the case. *I mean now then that Mr. Aiken can go ahead and represent you in the case.*' That is what I said and that's all I said or words to that effect.

"Mr. Aiken: I think that Judge Bills stated, and the first time what I understood him to say, I understood you to say that 'as I understood the rule since they have their own attorney there is no requirement that I appoint an attorney or guardian ad litem for you.'

"The Court: And I said, 'Mr. Aiken can go ahead and represent you in the case.' That is the way I stated it and *whether that is sufficient or not I don't know. Whether that is sufficient or not that is what we have to decide.*" (Italics ours.)

Rule 173, Texas Rules Civ. Proc., requires the court to appoint a guardian ad litem for a minor defendant who has no lawful guardian within this state, so if we should conclude that no guardian ad litem was appointed for the minors in this case it would be our duty to reverse the judgments below.

It will be observed that the trial judge stated what occurred in this connection but did not say that he had not appointed Mr. Aiken guardian ad litem. What he said was: "Whether that is sufficient or not (to constitute an appointment) that is what we have to decide." And he proceeded to decide it in the affirmative by overruling petitioners' motion for a new trial. Moreover, in his judgment, after noting that the minor defendants appeared with competent and able attorneys of their own choosing, the court recited: "Whereupon the court designated John D. Aiken, one of said attorneys, who was present in open court, as the guardian and attorney ad litem for said minor defendants." To say, in that state of the record, that petitioners had no guradian ad litem would be to shut our eyes to the clear realities of the situation. We hold that the trial court correctly concluded that he had appointed Mr. Aiken guardian ad litem.

**3** This disposes of the points of error upon which the application was granted, but twelve others are offered. Two of them urge that the Court of Civil Appeals erred in overruling petitioners' contention that all respondent attempted to establish was that Mrs. Waite was of unsound mind and that there is no

evidence that she did not understand the nature and effect of her action in executing the deed to petitioners on Oct. 1, 1949. There is no merit to the complaint that testimony was offered only on unsoundness of mind without any effort to show that Mrs. Waite did not understand the nature and effect of her action in executing the deed. Whether she understood the nature and effect of executing the deed was the ultimate issue for the jury to determine, hence no witness could properly testify to that. Of course, the state of mind alleged by respondents had to be shown to exist when Mrs. Waite executed the deed on Oct. 1, 1949, but it does not follow that relevant evidence bearing on mental competency is restricted to the time a given act is done; that issue may be determined upon testimony as to the actor's mental condition either prior or subsequent to the time the act in question is done. Self et al. v. Becker et al. (Civ. App.) 195 S. W. 2d, 701, er. ref. N.R.E. And as already indicated, we think there is a wealth of testimony in the record, which, as accepted by the jury, established Mrs. Waite's mental incapacity on Oct. 1, 1949.

4 A kindred contention is that the pleadings of respondent were not sufficient to support the judgment because there is no allegation that Mrs. Waite did not understand the nature and effect of her actions at the time she executed the deed. One allegation in the trial petition is that at the time of the execution of the deed Mrs. Waite "was a person of unsound mind and feeble mind, over 80 years of age, weak and unable to care for herself and that her mind was almost totally ruined by disease and old age so that she was *but a mere child and unable to comprehend her rights or manage her affairs.*" (Italics ours.) We think that language sufficient to advise petitioners that respondent was claiming that Mrs. Waite did not have sufficient mental capacity to execute the deed.

5 Petitioners contend that since respondent's suit was in trespass to try title and it appeared that the legal title to the property was in petitioners at the time suit was filed, respondent was not entitled to maintain it, his right being at most of an equitable nature. In overruling these points we think it sufficient to observe that while respondent did plead in trespass to try title, he further specially pleaded Mrs. Waite's mental unsoundness when she executed the deed and prayed that the deed be cancelled. Also, petitioners specially pleaded their version of the facts surrounding the execution of the deed and tendered the land for the use and benefit of Mrs. Waite during her lifetime.

**6** Petitioners insist that the Court of Civil Appeals erred in holding that the trial court properly overruled petitioners' first application for a continuance on account of the absence of a subpoenaed witness named Edmondson, who at the time of trial was in the military service of the United States at Ft. Hood, Texas. Trial was in Swisher County. Edmondson lived in Potter County and was subpoenaed in that county. Thereafter he was inducted into the military service, which fact became known to one of petitioners on August 26, 1950; trial was set for Sept. 11, 1950. Rule 176, Texas Rules Civ. Proc., which is Art. 3704, R. S., 1925, as amended in 1939, provides for a subpoena for any witness, male or female, "who may be represented to reside within the county (of the forum) or be found therein at the time of trial." Under those circumstances, petitioners had no right to rely on a subpoena even before Edmondson was inducted into the military service. They should have taken his deposition. Hence, their application did not show diligence and the trial court properly overruled it. Chicago R. I. & T. Ry. Co. v. Long, 97 Texas, 69, 75 S. W. 483.

**7** Petitioners complain at the failure of the trial court to give their requested issue as follows: "Do you find from a preponderance of the evidence that Mrs. Lizzie Lieu Waite, after executing the deed on October 1, 1949, later ratified the deed by stating to divers parties that she had deeded the property to the defendants as she had intended to do?" There was no error in refusing this issue. Its import is whether certain alleged statements amounted to a ratification, which is a question of law. Besides, it is doubtful whether the statements set out in the tendered issue were of any material consequence, if made.

This holding renders immaterial another point which complains that the Court of Civil Appeals erred in saying that the deed was a gift, which when made by a person of unsound mind is void and cannot be ratified.

**8** In addressing the jury one of respondent's attorneys said, "Of course, counsel here for the defendants knows that if the relatives or if there be any, or if there are others who are financially able to take care of an insane person who is insane and of unsound mind, that they simply do not send them to an insane asylum unless they are violent, and that is the one thing you show to the County Judge when you attempt to send anybody to the insane asylum is that they are violent and are liable to hurt somebody or that maybe they are wandering around and you have got to follow them around like * * *" whereupon, coun-

sel for petitioners objected, which objection the court over-ruled. Petitioners contend this argument was erroneous because it was a conclusion of law and inflamatory and prejudicial. If it may be conceded that this argument was improper, we do not think it could have resulted in any injury to petitioners.

**9** The two remaining points urge error in some alleged discussion in the jury room of the failure of the attorney who wrote the deed and his secretary who took Mrs. Waite's acknowledgment to it, to testify. Rule 327, Tex. Rules Civ. Proc., provides that the court shall hear evidence on alleged jury misconduct and may grant a new trial if it *reasonably appears from the evidence both on the hearing of the motion and the trial of the case, and from the record as a whole that injury probably resulted to the complaining party*. Applying that test to the question at hand, we would not be warranted in holding that the trial court erred in finding that no probable injury resulted to petitioners from the discussion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 5, 1952.

Motion for rehearing overruled April 2, 1952.