The Honorable Charles Ben HOWELL, Judge, Relator,

v.

The FIFTH COURT OF APPEALS et al., Respondents.

No. C-3307.

Supreme Court of Texas.

Feb. 6, 1985.

Rehearing Denied May 29, 1985.

Henry Wade, Dist. Atty., Henry J. Voegtle, III, Asst. Dist. Atty., Dallas, for relator.

Michael A. Robertson, Grand Prairie, Dwight I. Porter, Ronald W. Johnson, Diamond J. Panteze, Dallas, for respondents.

CAMPBELL, Justice.

This is an original mandamus action. The Court of Appeals for the Fifth Supreme Judicial District ordered the Honorable Charles Ben Howell, relator, to allow a nonsuit in a case filed in his court, the 191st Judicial District of Dallas County. Judge Howell seeks to have the court of appeals' order vacated.

On March 17, 1984, Brenda J. Farnham sued Hilti, Inc. and Mark Spiegal to recover damages for the death of her husband, Stephen Douglas Farnham.' Brenda also sued as next friend of her minor children, Christina Mechelle and Chad Douglas Farnham, and as representative of Stephen's estate. Francis Lincoln Farnham, the deceased's father, and David Klucker also sued to recover damages for Stephen's death.

The parties negotiated a settlement and requested Judge Howell's approval of the agreement. Judge Howell appointed Diamond J. Pantaze to represent the children as guardian ad litem. Judge Howell orally appointed Pantaze on May 15 and the appointment is noted on the docket sheet. On May 21, Brenda Farnham, individually and in her representative capacities, filed a nonsuit. A written order appointing Pantaze was signed on June 5. Judge Howell refused to allow the nonsuit.

The court of appeals, by mandamus, ordered Judge Howell to allow the nonsuit. Judge Howell now seeks to have the court of appeals' judgment vacated.

In oral argument this court was advised that Brenda J. Farnham, individually and in representative capacities, and the other plaintiffs, filed suit in the 348th Judicial District in Tarrant County. This suit involved the same parties and was based on the same occurrence as the Dallas County suit. A final judgment was rendered.

Further, the Tarrant County district court judgment, dated June 15, 1984, reflects that another guardian ad litem was appointed to represent the two minor children. In that judgment, Brenda is to receive $343,500 in cash from which all attor-

neys fees and court costs are to be deducted; $25,000 is to be placed in an interest-bearing account and released to Christina on her 18th birthday, and $20,000 is to be placed in a similar account to be released to Chad on his 18th birthday. Brenda is to receive $1,300 per month and a lump sum payment of $25,000 in five years, $50,000 in ten years, $75,000 in fifteen years and $100,000 in twenty years. Christina is to receive $10,000 per year for five years beginning on her 18th birthday. Chad will receive $10,000 per year for four years beginning on his 18th birthday and $15,000 on the fifth year after he reaches 18.

The judgment rendered in Tarrant County is final. Therefore, the mandamus is denied.

ROBERTSON, J., concurs.

GONZALEZ, J., dissents, in which McGEE and KILGARLIN, JJ., join.

ROBERTSON, Justice, concurring.

I concur in the result reached by the majority because I am of the opinion that the court of appeals decision is moot. It has come to the attention of this court that the Honorable Charles Ben Howell is no longer the judge of the 191st judicial district court of Dallas County, Texas. This court has stated that "[a] writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks." *State of Texas v. G.C. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (1962). Since the judgment of the court of appeals is moot, no purpose would be served by permitting Judge Howell's mandamus action to vacate that judgment.

The proper action would be for relators in the court of appeals to request Judge Howell's successor in office to reconsider the decision to refuse approval of the non-suit. *See Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). A mandamus action could be reasserted, should Judge Howell's successor decline to do so. For this reason, I reserve decision on the substantive questions discussed in the majority opinion for a more appropriate case.

GONZALEZ, Justice, dissenting.

· I respectfully dissent. The validity and finality of the judgment rendered in Tarrant County is not before us. Even if it was, when a guardian ad litem is appointed, I would not allow an attorney to take a non-suit and forum shop when he encounters a guardian ad litem or a court that would not rubber stamp a proposed settlement agreement.

This original proceeding requires that we examine the actions of the Fifth Court of Appeals in the instant case. I would hold that the court of appeals abused its discretion by directing relator to enter a non-suit on behalf of all parties plaintiff prior to a determination that it was in the best interest of the minor plaintiffs. I would order that the court of appeals withdraw its conditional writ of mandamus.

The order appointing Pantaze guardian ad litem was noted on Judge Howell's docket sheet on May 15, 1984. Mrs. Farnham's attorney sent a letter to Pantaze on May 16, confirming a phone conversation the previous day in which he informed Pantaze of his appointment as guardian ad litem. The letter also discussed the settlement terms and the parties involved. Further, a letter from Judge Howell concerning the suit was sent to all counsel in the case on May 18. Judge Howell noted thereon that a copy was to be sent to Pantaze. These actions were sufficient to confirm the oral appointment of Pantaze as guardian ad litem prior to the May 21 filing of Brenda Farnham's motion for non-suit even though the written order appointing him was not signed until June 5. *Douglas v. Corder*, 366 S.W.2d 615 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.); *see also Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969); *Cole v. Waite*, 151 Tex. 175, 246 S.W.2d 849 (1952); *Texas State Board of Examiners in Optometry v. Lane*, 337 S.W.2d 801 (Tex.Civ.App.—Fort Worth 1960, writ ref'd). Therefore, the two minor children were represented by Pantaze in his appointed capacity at the time Mrs. Farnham attempted to non-suit this cause.

A parent or guardian, as next friend, may bring suit on behalf of a minor pursuant to Tex.R.Civ.P. 44. The next friend is present in the suit in a representative capacity only, and the minor remains the real party in interest. *Gracia v. RC Cola—7–UP Bottling Company,* 667 S.W.2d 517 (Tex.1984). "The bringing of a suit by next friend for a minor in no way changes his status; his disabilities are not suspended by bringing such suit (citation omitted) and his interests must, in good faith, be fully protected; he is sui non juris and altogether under the court's protection. (citation omitted)" *M.K.T. Rwy. Co. of Texas v. Pluto,* 138 Tex. 1, 156 S.W.2d 265, 268 (1941).

The protection by the court of the interest of a minor plaintiff requires that a guardian ad litem be appointed when the minor "is represented by a next friend or guardian who appears to the court to have an interest adverse" to the minor. Tex.R.Civ.P. 173. When the circumstances evidence a potential adverse interest between the next friend and the minor, the court is *required* by the rule to appoint a guardian ad litem. Tex.R.Civ.P. 173; *Newman v. King,* 433 S.W.2d 420 (Tex.1968). The guardian so appointed is to assist the court in its protection of the interests of the minor. *Dawson v. Garcia,* 666 S.W.2d 254 (Tex.App.—Dallas, 1984, no writ).

The facts of the instant case illustrate the need for safeguards of this type inasmuch as the mother, who was twenty-five years old, was given over 90% of the proposed settlement value. Through the briefs of counsel it was disclosed to this court that the settlement agreement before Judge Howell provided that the mother was to receive $425,000 in cash, from which amount the subrogation payment and attorney's fees were to be paid. Further, Mrs. Farnham was to receive $1300 per month for life (20 years guaranteed) with an annual increase of 4%; and lump sum payments of $25,000 in the 5th year, $50,000 in the 10th and 15th years, and $100,000 in the 20th year. The two children, Christina (age 6) and Chad (age 2) were each to receive $10,000 per year for 5 years beginning on their 18th birthdays.

When a parent sues on his or her own behalf and also as a representative of minor children for injuries arising out of the same occurrence a conflict of interests between the two often arises, particularly in a settlement situation where the parties vie for different portions of a fixed settlement amount. *See Pluto,* 156 S.W.2d 265; *Gallegos v. Clegg,* 417 S.W.2d 347 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n.r. e.). When it appears to the court that a conflict of interest exists between the next friend and the minor, the next friend is no longer competent to represent the minor. *Pluto,* 156 S.W.2d at 267. Further, a judgment entered in favor of a minor in such a situation where he is represented by only a next friend is not binding on him, and he may thereafter sue to have it set aside because of inadequate representation of his interests. *Pluto,* 156 S.W.2d 265; *Gallegos,* 417 S.W.2d 347. In this case, Judge Howell had, pursuant to the mandate of Tex.R.Civ.P. 173, appointed a guardian ad litem for Christina and Chad.

At the time that the court appointed the guardian, Brenda Farnham lost her rights of representation on behalf of the minors. As a result, she had no authority to take a non-suit as to the claims filed by the minors, who were, after all, the real parties in interest. The trial court and the guardian ad litem, acting jointly for the best interests of the children, had the sole authority at that point to move for and allow a non-suit on behalf of the children. Respondents cite *Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982) to support their contention that the trial court had no authority to refuse Brenda Farnham's motion to non-suit as to the children. This argument ignores the fact that, at the time the motion was made, Mrs. Farnham lacked the legal capacity to represent the children, and therefore could not make the motion on their behalf. I would allow the court to hold the requested and scheduled hearing to determine if the motion is in the best interest of the minors.

To hold otherwise, as the court does, is to emasculate the protections afforded incom-

petent plaintiffs by Tex.R.Civ.P. 173. A court or guardian ad litem is placed in a powerless position when faced with a potentially unfair settlement agreement and a next friend or guardian with conflicting interests. Either the interests of the minor must be compromised, or the court faces the distinct possibility that the representative will, as in this case, non-suit the entire case and forum shop for another court more willing to approve the settlement.[1]

I would, therefore, conditionally issue a writ of mandamus directing the court of appeals to withdraw its order, and allow relator to reinstate this cause and determine the propriety of a non-suit as to the interest of the children.

McGEE and KILGARLIN, JJ., join in this dissenting opinion.

---

**1.** The parties agree that Pantaze was not notified of the Tarrant County suit until after that judgment was rendered. Therefore, he had no opportunity to file either a plea in abatement or a plea to the jurisdiction of the court over the children.