**PHILLIPS PETROLEUM COMPANY, et al., Appellants,**

v.

**Tina L. WELCH, Individually and a/n/f of Hollie Carolee Welch, et al., Appellees.**

**No. B14–85–077–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1985.

Rehearing Denied Dec. 5, 1985.

Eugene C. Marshall, of Phillips Petroleum Company, E.H. Brown, Wiley Thomas, Matthew R. Muth, of Ross, Griggs & Harrison, Houston, for appellants.

Dale Harvill, of Harvill, Hardy & Milutin, George P. Hardy, III, of Harvill, Hardy & Milutin, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from an award of ad litem fees in a wrongful death suit. Appellants contend that the trial court erred (1) by appointing an attorney ad litem rather than a guardian ad litem and (2) by excessively compensating the attorney ad litem. We affirm.

Widow Tina Welch, individually and as next friend of Hollie Welch, a minor, brought suit against Phillips Petroleum Company, Phillips Pipeline Company and Kenneth Deel for the wrongful death of Kenneth Welch. Mr. Welch was killed in an explosion at the Phillips Petroleum Company storage facility in Brazoria County, Texas. The trial court appointed ex parte an attorney ad litem to represent and protect the interests of the minor. Appellants unsuccessfully attempted on two occasions to have the ad litem removed. Prior to trial a compromise settlement was reached by the parties and approved by the court. As part of the settlement agreement appel-

lants were to confer with the ad litem and agree on a fee; and if an agreement could not be reached, compensation was to be fixed by the court. The parties could not agree and the trial court awarded the ad litem $166,667.00. It is from this portion of the judgment that appellants appeal.

■ Appellants first contend that the appointment of an attorney ad litem rather than a guardian ad litem constitutes an abuse of discretion by the trial court. Rule 44 of the Texas Rules of Civil Procedure authorizes appearance by next friend and states:

> Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:
>
> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the Court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the Court, shall be forever binding and conclusive upon the party plaintiff in such suit.

In the event a conflict arises between the represented party and the next friend, Rule 173 of the Texas Rules of Civil Procedure provides that:

> When a minor ... is a party to a suit either as plaintiff, defendant or intervenor and is represented by a next friend or guardian who appears to the court to have an *interest adverse to such minor,* ..., the court shall appoint a *guardian ad litem* for such person and shall allow him a *reasonable fee* for his services to be taxed as part of the costs. (Emphasis added.)

Rules 173 and 44 complement one another. Rule 173 provides for a contingency not covered by Rule 44: the appearance, after suit is filed, of a probable conflict between the real plaintiff in interest and his next friend. *King v. Payne,* 156 Tex.

105, 292 S.W.2d 331, 335 (1956). Where a parent sues on her own behalf and also as a representative of a minor child for injuries arising out of the same occurrence, a conflict of interest between the two parties often arises. Such a conflict is aggravated where settlement discussions are underway as each party vies for a fixed sum. *Gallegos v. Clegg,* 417 S.W.2d 347, 353 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n.r. e.). *See also Howell v. Fifth Court of Appeals,* 689 S.W.2d 396, 398 (Tex.1985) (Gonzalez, J., dissenting). Although Rule 173 states that a guardian ad litem and not an attorney ad litem is to be appointed in the event of conflict, we are guided by precedent in holding that an improper designation by the trial court is not of controlling import. *Peterson v. Peterson,* 502 S.W.2d 178, 180 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Sheehan v. Southern Pacific Co.,* 422 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). *Contra Dawson v. Garcia,* 666 S.W.2d 254, 265 (Tex.App.—Dallas 1984, no writ). It follows that the paramount concern is not the technical designation of the representative but the protection of the minor's interest.

■ We now turn to address whether the fee awarded was excessive. Texas Rule of Civil Procedure 173 authorizes the court to set a *reasonable* fee for ad litem services. The general rule is that the compensation award will not be overturned absent a clear abuse of discretion. *Dawson v. Garcia,* 666 S.W.2d 254, 265 (Tex.App.— Dallas 1984, no writ); *Pratt v. Texas Department of Human Resources,* 614 S.W.2d 490, 492 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); *Coastal States Gas Producing Co. v. Locker,* 436 S.W.2d 592, 596 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). In determining whether the ad litem allowance is unreasonable or an abuse of discretion we are mindful that a guardian ad litem is required to participate in the cause to the extent necessary to adequately protect the interests of his ward. *Pleasant Hills Children's Home v. Nida,* 596 S.W.2d 947, 950–51 (Tex.Civ.App.

—Fort Worth 1980, no writ); *Coastal States Gas Producing Co. v. Locker*, 436 S.W.2d at 596. *Compare Dawson v. Garcia*, 666 S.W.2d at 265.

■ The evidence in the record supports the trial court's decision to award the ad litem $166,667.00. The suit was settled for $5,150,000 of which the minor received $1,000,000 free of all costs, expenses and fees. Attorneys for both sides testified that the settlement might not have been accomplished but for the ad litem's efforts. Furthermore, attorneys for both sides agreed that the ad litem's services were of the highest quality. The ad litem's statement, enumerating in detail the work performed over the 449 hours he expended on the case, further substantiates the trial court's decision. *Vaughn v. Gunter*, 458 S.W.2d 523, 528 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e.*, 461 S.W.2d 599 (Tex.1970). Appellants contend that many of the services listed in the statement are more properly the functions of a plaintiff's attorney or an attorney ad litem rather than a guardian ad litem. We do not agree. The law requires a guardian ad litem to protect the interest of the disabled party. We are reluctant to use hindsight as a method of determining which depositions, hearings, or telephone conferences were necessary to that effort.

■ Appellants further challenge the reasonableness of the fee by attaching to their brief an agreed judgment of a wrongful death suit that arose out of the same explosion. Appellants point out that in this latter case each of decedent's three minor children received $500,000 in settlement and the ad litem was awarded $20,000. Appellants ask us to conclude, through comparison of the instant case to the referenced judgment, that the trial court's ad litem award is unreasonable. We decline appellants' invitation as we have no authority to consider matters outside the record. *Nixon v. Royal Coach Inn*, 464 S.W.2d 900, 901 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). *See also Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979).

Finding no abuse of discretion by the trial court, we affirm.