NUMBER 13-03-476-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

LAND ROVER U. K., LTD., LAND 
ROVER NORTH AMERICA, INC., FORD 
MOTOR COMPANY, AND GUNN 
INFINITY, INC., D/B/A GUNN RANGE ROVER,                 Appellants,

v.
 
JUAN J. HINOJOSA,                                                                   Appellee.
                                                                                                                                      

On appeal from the Probate Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza 
Memorandum Opinion by Justice Yañez

          This is an appeal from a judgment awarding attorneys’ fees for ad litem
representation. By one point of error, Land Rover


 contends that the trial court abused its
discretion in awarding guardian ad litem attorneys’ fees in the amount of $100,000. We
affirm. 
           As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
         An award of guardian ad litem fees is reviewed under an abuse of discretion
standard. See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). The amount of an
ad litem award is in the trial court’s sound discretion, and it will not be set aside unless the
trial court clearly abuses that discretion. See Phillips Petroleum Co. v. Welch, 702 S.W.2d
672, 674 (Tex. App.–Houston [14th Dist.] 1985, writ ref’d n.r.e.). An abuse of discretion
occurs when a trial court acts without reference to any guiding rules or principles. See
Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985).
Analysis
          In its sole issue, Land Rover contends that the trial court abused its discretion in
awarding $100,000 to Juan Hinojosa for his ad litem representation of Tyler Hirn because:
(1) Hinojosa’s appointment should have ended when the Continental Settlement was
approved; and (2) the evidence was insufficient to support the amount of the fee, which
Land Rover contends was unreasonable and excessive. 
          By its first issue, Land Rover argues that Hinojosa’s appointment as ad litem should
have ended when the Continental Settlement was approved. As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely request, objection, or motion that stated the grounds for
the ruling sought from the trial court. See Tex. R. App. P. 33.1. The record does not reflect
that a timely objection was made on this ground at the settlement hearing or in Land
Rover’s pleadings; thus, Land Rover failed to preserve this complaint for review. See
Greater Houston Trans. Co. v. Zrubeck, 850 S.W.2d 579, 585 (Tex. App.–Corpus Christi
1993, writ. ref’d). Accordingly, appellant’s first issue is overruled. 
          In its second issue, Land Rover argues that the evidence is insufficient to support
the amount of the ad litem fee, and, as such, the amount of the fee is unreasonable and
excessive. Under rule 173 of the Texas Rules of Civil Procedure, a trial court is permitted
to appoint a guardian ad litem when a minor is represented by a guardian who appears to
have an interest adverse to the minor. See Tex. R. Civ. P. 173. A guardian ad litem is
entitled to a reasonable fee for his services. See Garcia, 988 S.W.2d at 222. 
          In determining the appropriate amount to award, the trial court considers the
following: (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal services properly; (2) the likelihood that
the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services; (4) the amount
involved and the results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with the client;
(7) the experience, reputation and ability of the lawyer or lawyers performing the services;
and (8) whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services have been rendered. See id.                
          At the hearing, Hinojosa testified that he performed approximately 150 hours of work
in his ad litem representation of Tyler. This work included participating in settlement
negotiations and phone conferences, and in reviewing all plaintiffs’ depositions, medical
reports, expert reports, defendants’ expert depositions, deposition on written questions,
and pleadings. Hinojosa testified that he normally charged $500 per hour and that this fee
was customary for representation in similar product liability suits. 
          The record also reflects that the plaintiffs’ attorneys communicated regularly with
Hinojosa during the evening and on weekends to discuss specific settlement amounts,
whether those amounts were agreeable, progress in the case, and to seek Hinojosa’s
opinion regarding creation of a trust on Tyler’s behalf. According to Hinojosa, this was an
extremely complex case. The record demonstrates that the pleadings, reports, and
records consisted of thirty accordion files that occupied an eight-foot by twenty-foot wall
in Hinojosa’s office. 
          Further, Hinojosa testified that he graduated from Georgetown Law School, and has
practiced law for approximately thirty years. The record reflects that Hinojosa worked
previously as a chief litigation attorney, general counsel to the Texas Secretary of State, 
attorney-in-charge of the Consumer Protection Division and Criminal Justice Division of the
Texas Attorney General’s office, and that he has been a member of the Texas Legislature
since 1980. He also has approximately five to ten years of experience in product liability
suits, has tried numerous civil and criminal cases, and was previously involved in another
complex product liability suit–the Bridgestone/Firestone litigation. 
          Because of this case, Hinojosa declined representation in two other cases: a
products liability suit worth $75,000; and a breach of contract case worth $50,000, for a
combined total of $125,000. Finally, the record shows that the settlement amount was
significant and at the final settlement hearing, Tyler’s father, Dr. Hirn, testified that he was
satisfied with the results obtained in this case. 
          In determining the amount of the ad litem fee, guiding rules and principles permit
the trial court to consider testimony regarding the crucial role an ad litem plays in obtaining
the plaintiffs’ approval of a settlement. See Phillips, 702 S.W.2d at 675 (recognizing that
settlement might not have been accomplished without ad litem’s efforts in affirming ad litem
fee of $166,667). Courts of appeals are not factfinders, and thus, are not free to second-guess a factual determination made by a trial court under an abuse of discretion standard
of review. See Borden, Inc. v. Martinez, 19 S.W.3d 469, 473-74 (refusing to second-guess trial court’s review of details and hours). 
          The evidence in the record supports the trial court’s decision to award the guardian
ad litem $100,000. Based on the time and labor spent on this case, the degree of
complexity involved, preclusion of employment in two other cases, the fee customarily
awarded in the community for similar product liability cases, the significant amount of the
settlement and the results obtained, and the experience, skill, ability and reputation of the
ad litem, we cannot say that the trial court’s decision was made without reference to
guiding rules and principles. See Downer, 701 S.W.2d at 241-42. We conclude that the
trial court did not abuse its discretion in awarding the amount of attorneys’ fees for
Hinojosa’s ad litem representation. Accordingly, Land Rover’s sole issue is overruled. 
          We affirm the judgment of the trial court.                                                                                       
                                                                                                                                    
                                                                                      LINDA R. YAÑEZ,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 22nd day of July, 2004.