R. A. DAY ET AL. v. H. FOSTER JOHNSON.

Decided January 17, 1903.

1.—Execution Sale—Setting Aside—Sheriff's Deed.

Where land was sold for a grossly inadequate price; the defendant was not called on to point out the property to be levied on; the writ was returnable at a time not permitted by law, namely in ninety instead of sixty days, and the land was sold after sixty days, and was so described as to render it uncertain that it was the land levied on, the court was justified in setting aside the sale and canceling the sheriff's deed.

2.—Innocent Purchaser—Execution-Sale.

One who buys land from a purchaser at execution sale, with knowledge of fatal irregularities in such sale, and that it had been set aside by the court, can not claim as an innocent purchaser.

3.—Minor—Action by Next Friend.

A minor is bound by the result of a suit brought for him by a next friend who is duly recognized as such by the court.

4.—Judgment by Agreement—Recitals.

Where a judgment is entered as an agreement of counsel filed in an action brought for a minor by next friend, it is not necessary to the validity of the judgment that it should recite that evidence was heard by the court.

5.—Same—Setting Aside Judgment by Minor.

If, however, the judgment was against the interest of the minor, and the facts which made it so were not disclosed to the court, and the court was thereby induced to approve the agreement for judgment, the minor would be entitled, as between the parties to the judgment, to have it set aside. See case of an agreed judgment fixing a lien on land of a minor in favor of a prior purchaser at a voidable execution sale thereof, held subject to be set aside as between the parties.

6.—Same—Notice to Purchaser.

A finding that one who purchased the land under an execution issued by virtue of the agreed judgment knew that the judge who approved the agreement and entered the judgment did not inquire into the terms of the agreement, was not sufficient to show that such purchaser had notice of the facts that rendered the judgment voidable.

7.—Same—Judgment Against Next Friend—Order of Sale—Variance.

Where judgment was entered against a minor and his next friend, suing for him, upon an agreement recited therein in full which showed that no personal judgment against the next friend was intended, and an order of sale issued under the judgment described it as a judgment against the minor alone, there was no variance.

Error from the District Court of Franklin. Tried below before Hon. J. M. Talbot.

*R. E. Davenport, Wilkins, Vinson & Moore,* and *Glass, Estes & King,* for plaintiffs in error.

*J. F. Jones, P. A. Turner, Chas. S. Todd,* and *R. T. Wilkinson,* for defendant in error.

TEMPLETON, ASSOCIATE JUSTICE.—On March 26, 1883, W. A. Pogue recovered judgment in the Justice Court of Precinct No. 1 of Franklin County against George Foster Johnson for the sum of $94.83, with 12 per cent interest from that date, and all costs, amounting to

$2.90. On February 6, 1884, execution was issued on said judgment, and on April 9, 1884, the said writ was levied on a tract of land described as follows: "440 acres of land belonging to Foster Johnson, situated on Denton Creek, about 2½ miles west of Mt. Vernon, being a tract of land willed to Foster Johnson by his father J. F. Johnson." There was a sale under the levy on May 6, 1884, Davenport & Son, a firm composed of W. H. C. Davenport and C. K. Davenport, becoming the purchasers on their bid of $100. The sheriff's deed to Davenport & Son described 240 acres of the William Brown survey by metes and bounds as being the land sold under the writ. The execution was made returnable in ninety days, instead of sixty days, as required by law, and the sale took place more than sixty days after the issuance of the writ. The land in controversy was the separate property of George Foster Johnson, having been devised to him by his father. George Foster Johnson, together with his wife and minor son, Harold Foster Johnson, resided for a time on the land as their homestead. Johnson and his wife were divorced in December, 1883, the custody of the said minor and the use of the said land for homestead purposes being awarded to the wife. It seems that she at once married again and moved off the premises. The land, at the time of the sale, was worth many times the amount bid therefor by Davenport & Son. George Foster Johnson died intestate in June, 1884, leaving his said minor son as his only child and sole heir. He owned no property except said land.

On December 11, 1885, J. H. King, as next friend of Harold Foster Johnson, filed in the District Court of Franklin County a petition against Davenport & Son to set aside the said execution sale and to cancel the said sheriff's deed. The facts above stated were alleged, and it was charged that the irregularities attending the sale rendered the same voidable, if not void, and that the said deed constituted a cloud on the minor's title, who, it was stated, was in actual possession of the premises. It was further charged that Davenport had cut and removed from the land timber of the value of $1250, and the plaintiff sought to recover that sum. There was a tender of the amount paid by Davenport & Son for the land, with legal interest, in case the court should hold that there could be no recovery without such payment. Harold Foster Johnson was 6 years and 9 months old at the date of the institution of said suit, and had no legal guardian.

Davenport & Son answered denying generally the allegations of the petition and pleading specially that they acquired title to the said land by virtue of the said levy and the sale thereunder. They set up no claim of lien against the land, but rested their defense on their claim of title.

On September 17, 1887, the said King, as next friend for said minor, entered into a written agreement with Davenport & Son, by the terms of which judgment was to be entered in said cause in favor of the minor for the recovery of the land in controversy, and in favor of Davenport & Son for $209.25, and the same was declared to be a lien on the

said land, and it was provided that if said sum was not paid to Davenport & Son by the 1st day of July, 1888, an order of sale should be issued and the land sold to satisfy such lien.  The said agreement was filed in said cause, and on November 14, 1887, at a regular term of the court in which the suit was pending, the case was called for trial and the judge of the court, at the instance of the parties, entered on his docket an order which reads thus: "November 14, 1887.  Judgment as per agreement filed."  The order appears to have been entered without any evidence being heard and upon the naked statement of the attorneys engaged in the cause that the agreement had been made and that such order was desired.  Judgment was entered in accordance with said agreement on the minutes of the court, the agreement being inserted in full.  The judgment did not recite that the court heard any evidence or was informed of the nature and terms of the agreement, and appeared to be based solely on the agreement and the order of the court directing judgment accordingly.  The minutes of that term of the court were signed by the judge presiding, and recite that the same were read and approved by the court.

The said minor not having paid the sum adjudged against him, order of sale was, on July 10, 1888, issued on said judgment, and at the sale thereunder, which occurred on the first Tuesday in August following, Davenport & Son again became the purchasers on a bid made by them of $225, and they received the sheriff's deed, which was promptly recorded.  In 1896, W. H. C. Davenport conveyed his interest in the land by warranty deed to C. K. Davenport, who, in 1899, by like conveyance, sold and transferred the land to R. A. Day in consideration of $1250 cash.

In March, 1900, Harold Foster Johnson arrived at his majority, and soon thereafter instituted this suit against the Davenports and Day. He sought to set aside the sale made under the execution issued out of the Justice Court, and to cancel the sheriff's deed made to the purchasers at the sale thereunder, and to set aside the said agreed judgment rendered in the District Court and the sale under such judgment, and to cancel the sheriff's deed made to the purchasers at said sale. The issues involved were submitted to a jury, and upon their findings judgment was rendered in favor of the plaintiff.  The defendant W. H. C. Davenport filed his appeal bond in due time, but the defendant Day did not, and has brought his case to this court by writ of error. The defendant C. K. Davenport has not appealed.

The irregularities attending the sale under the justice's judgment were certainly sufficient to justify the trial court in setting aside the sale and canceling the sheriff's deed.  The land was sold for a grossly inadequate price; the defendant in the writ was not called on to point out property to be levied upon; the writ was made returnable at a time not permitted by law, and the land levied on and that sold was so described as to render it doubtful, if not hopelessly uncertain, what land was covered by the levy and deed, and whether the land levied on was

that which was sold. The evidence and the findings show that the defendant Day had such notice of these irregularities as would preclude him, from asserting the claim of innocent purchaser based on said sale and deed. He knew, at the time he bought, that the sale had been attacked, and that judgment had been entered in favor of the plaintiff, H. Foster Johnson, for the recovery of the land subject to a lien in favor of Davenport & Son. His claim of innocent purchaser finds no sufficient support in the said sale and deed, and the trial court did not err in so decreeing.

It follows, then, that when King, as next friend of the minor, instituted the suit against Davenport & Son, a good cause of action existed in favor of his ward. Under the practice which has prevailed in this State from an early day, King was justified in laying the minor's case before the court, and when the court recognized him in the capacity in which he appeared and permitted him to prosecute the suit, he became a proper representative of the minor, and his acts done in that relation, within the limits of his authority, were binding on his ward. Cannon v. Hemphill, 7 Texas, 184; Railway Co. v. Styron, 66 Texas, 421. The court in which the suit was filed had jurisdiction of the parties and of the matters involved. The action of the court in approving the agreement for judgment was presumably taken after the necessary investigation. The court was not required to hear evidence, and the judgment was not defective because it failed to recite that evidence was heard. The judgment was, on its face, authorized and binding, and conclusive of the rights of the minor.

We think, however, that if the judgment was against the interest of the minor and the facts which made it so were not disclosed to the court and the court was thereby induced to approve the agreement for judgment, the minor would be entitled, as between the parties to the judgment, to have the same set aside. Schneider v. Sellers, 25 Texas Civ. App., 226, 65 S. W. Rep., 542. In Cannon v. Hemphill, supra, the court said: "It is true, that if the next friend does not lay his case properly before the court, by collusion, neglect, or mistake, a new bill may be brought in behalf of the infant." So, if the facts established by the appellee bring his case within the rule stated, he has shown himself entitled to a decree sustaining his bill of review against Davenport & Son.

It appears from the record before us that the judgment in question was entered without any of the facts, except those disclosed by the agreement itself, being made known to the court. The agreement provided for judgment in favor of Davenport & Son for $209.25, and for the foreclosure of a lien which, it was declared, existed against the land in controversy to secure said debt. As a matter of fact, the pleadings of Davenport & Son set up no claim of debt or lien. The only theory on which such claim could have been based, was that Davenport & Son were entitled to have repaid to them the amount of their bid at the execution sale, with legal interest, before the minor could have

judgment for the recovery of the land. As the sale appears to have been void, and as Davenport & Son never obtained possession under their purchase, it would seem that there was no legal foundation for any such claim. But, even if the minor was bound to reimburse them for the sum paid on their bid and the same constituted a lien on the said lands, still the agreement was unjust to the minor, since it charged him with an obligation to pay an amount considerably in excess of such sum. The minor had no means of paying the sum adjudged against him, and no prospect of obtaining the means of doing so before the day of sale, and the obvious and inevitable effect of the judgment was to expose his land to sacrifice. The land was worth several times the amount of the lien fixed upon it by the judgment, but the lien was foreclosed against the entire tract, and no provision made for securing means to satisfy the lien. The agreement was manifestly improvident and did not secure to the infant his legal rights. We are of opinion, therefore, that the trial court did not err in holding that, as between the parties to the said judgment, the minor plaintiff therein was entitled to have the same set aside.

As the judgment was not void, but merely voidable, the plaintiff in error Day must be held to be an innocent purchaser unless at the time he bought he had notice of the facts which rendered the judgment voidable. The jury found, in response to a special issue submitted by the court, that Day had notice of the claim of Johnson to the land, and of the fact that the judge presiding when the judgment was entered did not inquire into the terms of the agreement. We are of opinion that notice of such facts did not, as a matter of law, amount to notice of the grounds upon which Johnson was entitled to have the judgment set aside. It may have been sufficient to require further inquiry on his part as to the existence of such grounds, but if such inquiry, if pursued with proper diligence, would not have led to a knowledge of the essential facts, it would not constitute the necessary notice. Day was justified in relying on the conclusive effect of the judgment, in the absence of notice of the very facts which made it voidable. Because the findings of the jury were not sufficient to show that he had such notice, the judgment against him was not warranted.

The judgment sought to be set aside provided that "defendants, Davenport & Son, do have and recover of and from plaintiff, Foster H. Johnson, and his next friend, John H. King, the sum of two hundred and nine dollars and twenty-five cents," while the order of sale described the judgment as being against Johnson alone. The trial court assumed that there was a variance between the order of sale and the judgment, and that the same constituted an irregularity, and submitted to the jury the issue whether such irregularity was calculated to affect the price the land brought at the sale. The question was answered in the affirmative, as was the further question whether Day had notice of the fact. We are of opinion that the trial court did not

properly construe the judgment. The agreement for judgment was inserted in full in the judgment, and shows conclusively that King was suing as next friend, and that no personal judgment against him was contemplated. The judgment, considered as a whole, shows that it was intended only to bind the minor and his property, and that King was made a party to the judgment solely in his representative capacity. The variance between the judgment and the order of sale constituted no such irregularity as would, when coupled with the inadequate selling price, be sufficient grounds for setting aside the sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.