# IN THE SUPREME COURT OF TEXAS

══════════
No. 11-0818
══════════

FORD MOTOR COMPANY, ET AL.,
PETITIONERS,

v.

STEWART, COX, AND HATCHER, P.C. AND
TURNER & ASSOCIATES, P.A.,
RESPONDENTS

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**

This appeal arises from a dispute over the trial court's sua sponte appointment of a guardian ad litem and subsequent fee award to the guardian ad litem in connection with a personal injury settlement between a minor-plaintiff and Ford Motor Company. Because the trial court should have removed the guardian ad litem after it became clear that the next friend did not have interests adverse to the minor, the guardian ad litem's services were no longer necessary under Rule 173 of the Texas Rules of Civil Procedure. Therefore, the trial court abused its discretion when it awarded the guardian ad litem compensation for the rendition of unnecessary, non-compensable services. Accordingly, we reverse the court of appeals' judgment in part, and remand the case to the trial court for further proceedings consistent with this opinion.

In 1999, I.F. was severely injured after being ejected from a minivan during a one-car rollover accident. I.F.'s father was killed in the accident. Theresa Richardson, I.F.'s mother, was not involved in the accident.[1] Richardson, as I.F.'s next friend, sued Ford and Bridgestone/Firestone North American Tire, L.L.C. in district court in Orange County. A district judge sitting in Montgomery County was assigned as the pretrial judge for this case and other similar cases.[2] *See* TEX. R. JUD. ADMIN. 11 (providing for the assignment of a pretrial judge in cases that involve material questions of fact and law in common with another case pending in another court in another county). In 2003, Firestone and I.F. reached a settlement and presented the proposed settlement to the regular judge for approval. Upon approving the Firestone settlement, the regular judge found that no guardian ad litem appointment was necessary because there was no conflict of interest between Richardson and I.F. In late 2009, Ford reached a settlement with I.F. That settlement was jointly presented to the pretrial judge for approval. Acting on his own initiative, the pretrial judge appointed attorney John Milutin to represent I.F.'s interest in the settlement under Texas Rule of Civil Procedure 173. *See* TEX. R. CIV. P. 173.3(a) (providing that the trial court "may appoint a guardian ad litem on the motion of any party or on its own initiative").

Richardson, as next friend of I.F., initially challenged Milutin's appointment by filing an "Agreed Motion to Reconsider Appointment of Guardian Ad Litem," which included Richardson's

---

[1] Richardson was divorced from I.F.'s father at the time of the accident and was neither an heir nor a representative of his estate.

[2] The trial court judge sitting in Orange County, where the case was originally filed and remained pending, is hereinafter referred to as the "regular judge." *See* TEX. R. JUD. ADMIN. 11.2(b).

2

affidavit in opposition to that appointment.[3] In the affidavit, Richardson testified that her interests were not adverse to I.F.'s because she made no claims in the lawsuit and had no financial interest in the settlement. Milutin responded to Richardson's motion by stating, in sum, that he had "inadequate information upon which to determine and advise the Court whether [Richardson] has an interest adverse to [I.F.]" due to the plaintiff's failure to provide him with information that he had requested regarding the settlement. The pretrial judge denied Richardson's motion to reconsider. Richardson, as next friend of I.F., then unsuccessfully sought mandamus relief from the order appointing Milutin as guardian ad litem. *In re Richardson*, No. 09-10-0032-CV, 2010 Tex. App. LEXIS 1758, at *1 (Tex. App.—Beaumont Mar. 11, 2010, orig. proceeding) (mem. op.).

Ultimately, the pretrial judge rendered a judgment that (1) approved the Ford settlement, (2) "reapproved" the 2003 Firestone settlement, subject to a reduction of attorney's fees from the forty percent previously approved in the Firestone Settlement to one-third, and (3) ordered Ford to pay $40,000.00 to Milutin in guardian ad litem fees and expenses. A divided court of appeals affirmed the pretrial judge's appointment of Milutin as guardian ad litem, finding that Richardson's obligation to pay her daughter's medical expenses coupled with her desire to pay the medical bills with proceeds from the settlement constituted the conflict necessitating the appointment of Milutin as

---

[3] The court of appeals stated that Ford "joined" Richardson's motion to reconsider. 350 S.W.3d 369, 377. Ford states in this Court, however, that it neither joined nor agreed to that motion, but simply told Richardson that it would not oppose it.

guardian ad litem.  350 S.W.3d 369, 377–78.  The court of appeals also affirmed the ad litem fee

award.[4]  *Id.* at 381.

Ford argues that the trial court abused its discretion under Texas Rule of Civil Procedure 173

by appointing a guardian ad litem when there was no apparent conflict of interest between I.F. and

Richardson.  Ford also complains of the amount of the guardian ad litem's fee award and the taxing

of the entire award against Ford.

We initially note that Ford preserved its issues surrounding the guardian ad litem fee award.

Richardson and Ford initially filed a joint motion requesting that the pretrial judge approve Ford's

proposed settlement, in which both parties notified the pretrial judge that a guardian ad litem

appointment was unwarranted in this case.  When Richardson challenged the guardian ad litem

appointment by mandamus review, Ford filed a letter in that proceeding, averring that the

appointment was "neither appropriate nor permitted."  2010 Tex. App. LEXIS 1758, at *8.  More

importantly, Ford objected to the fees at the settlement prove-up hearing, and the trial court overruled

Ford's objections.  *See* TEX. R. APP. P. 33.1(a); *see also Jocson v. Crabb*, 133 S.W.3d 268, 270 (Tex.

2004) (per curiam) ("The final fee hearing is an appropriate forum to assert any objections to the fee

request and obtain a ruling.").

---

[4] The court of appeals dealt with two separate appeals in this case.  I.F.'s attorneys also appealed the trial court's reduction of their fees associated with the 2003 Firestone settlement.  350 S.W.3d at 373.  The court of appeals reversed the pretrial judge's order on that issue, holding that the pretrial judge abused his discretion by disregarding the regular judge's 2003 order that approved the Firestone settlement and the attorney's fees and expenses paid to I.F.'s attorneys from that settlement.  *Id.* at 381.  Richardson, as I.F.'s next friend, petitioned this Court for review as to that portion of the court of appeals' judgment, but we deny her petition.  Thus, we address only the guardian ad litem issue presented by Ford's petition.

Texas Rule of Civil Procedure 173 governs the procedure for appointing and compensating a guardian ad litem. *See* TEX. R. CIV. P. 173. The trial court must appoint a guardian ad litem pursuant to Rule 173 when there appears to be a conflict of interest between the minor and next friend. TEX. R. CIV. P. 173.2. Once appointed, the guardian ad litem has a limited role in the litigation and may be compensated only for certain types of activities. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012). "The context of the appointment and duties assigned to the ad litem determine the nature of the appointment and the duties of the ad litem." *Id.* at 577. The guardian ad litem's initial role is to "determine and advise the court whether a party's next friend . . . has an interest adverse to the party." TEX. R. CIV. P. 173.4(b). The trial court should remove the guardian ad litem when the evidence presented fails to confirm that a conflict of interest exists. *Cf. Brownsville-Valley Reg'l Med. Ctr. v. Gamez*, 894 S.W.2d 753, 755 (Tex. 1995) ("When the conflict of interest no longer exists, the trial court should remove the guardian ad litem."). Rule 173 authorizes the trial court to award an ad litem a reasonable fee for necessary services performed. TEX. R. CIV. P. 173.6. The trial court has no discretion to award a guardian ad litem compensation for services rendered after it has become clear that no conflict of interest exists, because such services would no longer be necessary under Rule 173. *See Garcia*, 363 S.W.3d at 582 ("Only those tasks directly and materially bearing on the conflict of interest between [the guardian] and [the ward] regarding division of the settlement were necessary."). We review the amount a guardian ad litem is awarded as compensation for an abuse of discretion, which occurs when the trial court rules (1) arbitrarily, unreasonably, or without regard to guiding legal principles, or (2) without supporting evidence. *Id.* at 578.

In this case, Milutin was not specifically assigned any duties by the pretrial judge. The context of his appointment, however, indicates that Milutin was appointed for the limited purpose of determining and advising the pretrial judge as to whether there was a conflict of interest between I.F. and Richardson, and if so, whether the Ford settlement was in I.F.'s best interest. As to the initial conflict-of-interest determination, Richardson testified in her affidavit that she was not involved in the accident, she was not asserting any claims in this lawsuit on her own behalf, she was not an heir or representative of the estate of I.F.'s father, she had no financial interest in that estate's recovery, and she understood and agreed that she had no right to the proceeds of any settlement of the litigation. In Milutin's response, he primarily took issue with the regular judge's prior approval of the Firestone settlement in 2003 and the amount of attorney's fees awarded pursuant to the contingency fee agreement in that settlement. However, those issues have no bearing on the guardian ad litem's initial role in determining whether Richardson's interests were adverse to I.F.'s in the context of the Ford settlement. *See* Tex. R. Civ. P. 173 cmt. 3. Therefore, the pretrial judge should have removed Milutin after considering Richardson's affidavit, the circumstances surrounding Richardson's representation of I.F., and Milutin's response because there was no evidence that Richardson had an interest adverse to I.F. The court of appeals erred when it held otherwise. *See* 350 S.W.3d at 377–78 (concluding that Richardson's obligation as a parent to pay I.F's medical expenses presented a conflict of interest that required the appointment of a guardian ad litem under Rule 173). We hold that a parent's obligation to provide her child with medical care, standing alone, does not create a conflict of interest within the confines of Rule 173.

Because the pretrial judge should have removed Milutin at the time he considered Richardson's motion to reconsider and Milutin's response, we hold that any services rendered by Milutin after that time were not necessary and thus not compensable under Rule 173. *See* TEX. R. CIV. P. 173.6(a) (providing that a guardian ad litem may be compensated for necessary services performed). Therefore, the pretrial judge abused his discretion when he awarded compensation for Milutin's non-necessary services, which included Milutin's time spent defending his appointment in the mandamus proceeding. *See Garcia*, 363 S.W.3d at 582 (holding that a trial court abuses its discretion when it awards compensation for a guardian ad litem's non-necessary activities). While the evidence is legally insufficient to support the full amount awarded to Milutin, it is sufficient to show that he necessarily spent some amount of time initially advising the pretrial judge as to whether there was a conflict of interest between Richardson and I.F. Accordingly, we grant Ford's petition for review and, without hearing oral argument, reverse the court of appeals' judgment in part and remand the case to the pretrial judge to determine Milutin's fee award, consistent with this opinion. *See* TEX. R. APP. P. 59.1.

OPINION DELIVERED: January 25, 2013