ACCEPTED
11-17-00012-cv
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
6/20/2017 3:01 PM
SHERRY WILLIAMSON
CLERK

# No. 11-17-00012-CV

## IN THE 11th COURT OF APPEALS, EASTLAND, TEXAS

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS
6/20/17 3:01:13 PM
SHERRY WILLIAMSON
Clerk

_____

Zoe Saari, Individually and as Representative of the Estate of Jeffery Saari, and A/N/F to L.S., Josh Saari and Jayme Saari and All Other Potential Wrongful Death Beneficiaries Not Presently Named Herein,

Appellants,

v.

Key Energy Services, Inc., Key Energy Pressure Pumping Services, LLC, Key Energy Services, LLC and Michael Walker and Rebecca Hoidahl,

Appellees.

_____

## KEY ENERGY SERVICES, INC., KEY ENERGY PRESSURE PUMPING SERVICES, LLC, KEY ENERGY SERVICES, LLC, AND MICHAEL WALKER'S REPLY TO APPELLANTS' RESPONSE TO APPELLEES' MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR L. S.

_____

**TO THE HONORABLE COURT OF APPEALS:**

Key Energy Services, Inc., Key Energy Pressure Pumping Services, LLC, Key Energy Services, LLC, ("Key Entities") and Michael Walker, Appellees, file this their Reply to Appellants' Response to Appellees' Motion for the appointment of a

guardian ad litem to represent the interests of L. S., a minor, as required by Texas Rule of Civil Procedure 173.

1.     The court is required to appoint a guardian ad litem for a person such as L. S. when the next friend appears to the court to have an interest adverse to the party. TRCP 173.2. (a) (1).

2.     The question is not whether the Appellant claims there is no conflict; the question is whether it appears to the court that the next friend or guardian has an interest adverse to the subject party.  TRCP 173.2(a)(1).

3.     If the court finds any suggestion of conflict, it must appoint an ad litem. It is the guardian ad litem's duty to investigate and report to the court whether the ad litem believes that the next friend has an interest adverse to the minor.  TRCP 173.4 (b).

4.     Here, an offer of settlement has been made.  When such a settlement is proposed, the guardian ad litem has the limited duty to determine and advise the court concerning the offer, and this power can extend to participating in mediation or similar proceeding to attempt to reach a settlement.  TRCP 173.4. (c) and (d).

5.     Appellees expressly deny liability.  In the unlikely event there is any liability on the part of the Appellees in this action and any recovery is allowed by a court against the Appellees, it is likely that both Zoe Saari and L. S. will urge they are entitled to some form of recovery.  Their interests conflict.  See *Ford Motor Co. v.*

*Garcia*, 363 S.W. 3d 573 (Tex. 2012). This is not the situation presented in *Ford Motor Co. v. Stewart, Cox & Hatcher*, 390 S.W. 3d 294 (Tex. 2013), (cited by Appellants) where the next friend was not seeking any damages on her own account.

6. The *Hatcher* case is instructive. In *Hatcher*, the mother testified that she was not involved in the accident, she was not asserting any claims in the lawsuit on her own behalf, she was not an heir or representative of the estate of the deceased, she had no financial interest in that estate's recovery, and she understood and agreed that she had no right to the proceeds of any settlement. *Id.* at 298. Here, Zoe Saari claims damages as a wrongful death beneficiary as well as executor of the decedent's estate.

7. Clearly, due to the recoveries sought, the interests of Plaintiff Zoe Saari, in her capacity as wife, conflict with the interests of the minor daughter, L.S.

8. In addition, and critical to the court's consideration of this case, the minor's interest in the outcome on appeal diverges from that of the next friend. If Appellees prevail, the next friend's claims (and those of the other adult Appellants) are potentially barred by limitations—Appellees will contend that CPRC § 16.064 does not toll the adult Appellants' claims. Because L.S. is a minor, of course, limitations are tolled in any event, which would leave the minor as the only potential beneficiary of any judgment if the adult Appellants' claims are barred. In contrast, the next friend needs Appellants to prevail to ensure the survival of her claims. Given the divergence of the minor's interest from that of the other Appellants, appointment of

an ad litem is essential to protecting the minor's interest, regardless of whether the parties reach a settlement agreement.

8.     If the dismissal of the County Court at Law case is affirmed, the claims of all adult claimants in this case are potentially barred.  The claims of the minor, until she is emancipated, are tolled.  It is possibly in the minor's best interest to contend the adult claims, including Zoe Saari's, are barred.

9.     As competing claimants, it is in the best interest of the minor to have a guardian ad litem to protect her interests when they are adverse to that of the next friend.  Appellees ask this Court to appoint a guardian ad litem for the minor L.S., to investigate and report to the Court whether a conflict exists, and to take such further action as may be necessary to protect the minor's interests.

Therefore, Key Energy Services, Inc., Key Energy Pressure Pumping Services, LLC, Key Energy Services, LLC, ("Key Entities") and Michael Walker request that the court grant this motion and issue an order appointing a guardian ad litem to represent the interests of L.S. in this action.

Respectfully submitted,

/s/ Brandy R. Manning
Brandy R. Manning
State Bar No. 24029703
bmanning@wmafirm.com
Pat Long-Weaver
State Bar No. 12521975
plweaver@wmafirm.com
**LONG-WEAVER, MANNING,**

**ANTUS & ANTUS LLP**
310 W. Wall Street, Ste. 705
Midland, Texas 79701
Phone:  432-242-0470
Fax:    844-287-8884
*ATTORNEYS FOR APPELLEES (Key Entities)*

/s/ Lyle Rathwell
Lyle Rathwell
State Bar Number 16562500
Lyle.Rathwell@steptoe-johnson.com
Jason R. Grill
State Bar Number 24002185
Jason.Grill@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
10001 Woodloch Forest Dr., Suite 300
The Woodlands, Texas 77380
Phone:   (281) 203-5700
Fax:       (281) 203-5701
*ATTORNEYS FOR APPELLEE WALKER*

**CERTIFICATE OF COMPLIANCE**

I certify that this Motion complies with the length and typeface requirements of the Texas Rules of Appellate Procedure, and that it contains 772 words according to Microsoft Word's word count feature.

/s/ Brandy R. Manning
Brandy R. Manning

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served on the following via electronic filing on the 20th day of June, 2017:

Kevin B. Miller
kevin@mblaw.org
**LAW OFFICES OF MILLER & BICKLEIN**
455 E. University, Ste. D-5
Odessa, TX 79762
*Attorney for Plaintiffs and Intervenor,*
*Mariah Saari*

J. Stephen Dix
Carmenh@dixforman.com
**DIX & FORMAN, PC**
2606 E. 10th St.
Tucson, AZ 85716
*Attorney for Intervenors*
Glen G. Halsell
Glen.halsell@gmail.com
620 North Grant, Suite 1100
Odessa, TX 79761
*Attorney for Defendant Rebecca Johnson*
*F/N/A Rebecca Hoidahl*

R. Layne Rouse
lrouse@shaferfirm.com
**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Box Drawer 1552
Odessa, Texas 79760
*Attorney for Defendants*
*Leonard and Alta Saari*

/s/ Brandy R. Manning
Brandy R. Manning