

# NUMBER 13-25-00512-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE EREY CORDOVA COLIN

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Erey Cordova Colin asserts that the trial court abused its discretion by requiring the parties to request the appointment of a guardian ad litem in the absence of a conflict between the next friend and the minor claimant. See Tex. R. Civ. P. 173.2; Ford Motor Co. v. Stewart, Cox, & Hatcher, P.C., 390 S.W.3d 294, 297 (Tex. 2013) (per curiam) ("The trial court must appoint a guardian ad

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

litem pursuant to Rule 173 when there appears to be a conflict of interest between the minor and next friend."); see also Tex. R. Civ. P. 173.4(c) ("When an offer has been made to settle the claim of a party represented by a next friend or guardian, a guardian ad litem has the limited duty to determine and advise the court whether the settlement is in the party's best interest."). We deny the petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

We review matters concerning the appointment of a guardian ad litem for an abuse of discretion. *In re KC Greenhouse Patio Apartments, LP*, 445 S.W.3d 168, 171 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). An order appointing a guardian ad litem or directing a guardian ad litem's participation in litigation may be reviewed by mandamus. *See* Tex. R. Civ. P. 173.7(a); *see also In re Nicholas*, No. 05-24-00674-CV, 2024 WL 4866543, at *6 (Tex. App.—Dallas Nov. 22, 2024, orig. proceeding [mand. denied]) (mem. op.) (stating that "the plain language of rule 173.7 removes the requirement to show a lack of adequate appellate remedy").

2

The Court, having examined and fully considered relator's petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain relief. We note, in this regard, that the Court requested the real party in interest, Cesear Garcia a/k/a Cesar Garcia as next friend of minor child, E.G., to file a response to the petition for writ of mandamus; however, Garcia did not favor the Court with a response. *See* TEX. R. APP. P. 52.4, 52.8. In short, the trial court must appoint a guardian ad litem if the next friend "appears" to have an interest adverse to the minor child, and the record presented to the trial court did not exclude that possibility. TEX. R. CIV. P. 173.2(a)(1); *see Ford Motor Co. v. Stewart, Cox, & Hatcher, P.C.*, 390 S.W.3d 294, 297 (Tex. 2013) (per curiam) ("The trial court must appoint a guardian ad litem pursuant to Rule 173 when there appears to be a conflict of interest between the minor and next friend."); *Owens v. Perez ex rel. San Juana Morin*, 158 S.W.3d 96, 111 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) ("The conflict need not be actual; potential for conflict during trial or settlement negotiations also authorizes the appointment of a guardian ad litem."); *see also* TEX. R. CIV. P. 173.4(c) ("When an offer has been made to settle the claim of a party represented by a next friend or guardian, a guardian ad litem has the limited duty to determine and advise the court whether the settlement is in the party's best interest."). Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
12th day of November, 2025.